UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| ROBINSON PREMIUM MEATS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 05-354-DCR |
| ) | |
| V. ) | |
| ) | |
| KENRAY ASSOCIATES, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kenray Associates Motion to Dismiss or Transfer. [Record No. 11] Because Plaintiff's Complaint is nearly identical to an Answer and Counterclaim it filed in litigation over the same business transaction in the United States District Court for the Southern District of Indiana, the Court will grant the Defendant's Motion to Dismiss.

**I.     BACKGROUND**

In January 2002, Plaintiff Robinson Premium Meats, Inc. ("Robinson") entered into a contract with Defendant Kenray Associates ("Kenray") for Kenray to provide computer products and services to Robinson. [Record No. 1] A dispute arose over the quality of product and level of service being provided and, on March 18, 2005, Robinson's counsel sent a demand letter to Kenray. [Record No. 13] Settlement was ultimately rejected, and on June 1, 2005, counsel for Robinson sent a final demand letter to Kenray, attaching a copy of the complaint they intended to file after 20 days. *Id.*

-1-

On June 9, 2005, counsel for Kenray filed suit in Floyd Superior Court for payment of the remaining money due under the contract. *Id*. Robinson filed an Answer and Counterclaim in that action, removing the case to the Southern District of Indiana. At the same time, it filed a Complaint in this Court. *Id.* On August 15, 2005, Kenray filed its Answer and a Motion to Dismiss. [Record No. 11]

## II.     LEGAL ANALYSIS

Kenray urges this Court to dismiss Robinson's Complaint as duplicative or, alternatively, to transfer the case to the Southern District of Indiana, presumably so it may be consolidated with similar litigation pending there. Robinson argues that venue in this Court is more appropriate, both for the convenience of the parties and because the contract was to be fulfilled in the Eastern District of Kentucky. However, for purposes of federal comity, under the first-to-file rule, this action should be dismissed in favor of the litigation already pending in another federal district court.

The doctrine of federal comity is "a discretionary doctrine which permits one district to decline judgment on an issue which is properly before another district." *Church of Scientology v. U.S. Dept. of the Army*, 611 F.2d 738, 749 (9th Cir. 1979) (citing *Kerotest Manuf. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 96 L. Ed. 200, 72 S. Ct. 219 (1952)). "As between federal district courts . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997); *citing Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 47 L. Ed. 2d 483, 96 S. Ct. 1236 (1976).

The first-to-file rule is a well-established doctrine of federal comity. The rule was first recognized by the Supreme Court in *Smith v. M'Iver*, 22 U.S. (9 Wheat.) 532, 6 L. Ed. 152 (1824). There, the Court ruled that "in all cases of concurrent jurisdiction, the court which first has possession of the subject must decide it." *Id*. at 534. Since *Smith, id.*, the rule has been clarified and applied in cases involving concurrent federal jurisdiction. *See E.E.O.C. v. University of Pennsylvania*, 850 F.2d 969, 972 (3rd Cir.), *cert. granted in part*, 488 U.S. 992 (1988).

The first-to-file rule has evolved into a mechanism used to promote judicial efficiency. For example, the Sixth Circuit has determined that, while a district court was not required to transfer or dismiss a case where the litigation might be duplicative, principles of federal comity suggested that the second court to receive the litigation should follow the first-to-file rule. *In re American Med. Sys., Inc.*, 75 F.3d 1069, 1088 (6th Cir. 1996). As noted above, this rule provides that "when identical suits are pending in two courts, the court in which the first suit was filed should generally proceed to judgment." *See In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984). Generally, courts should invoke the rule when two suits involving substantially the same parties and purpose have been filed in a concurrent jurisdiction. *Barber-Greene Co. v. Blaw-Knox Co.*, 239 F.2d 774 (6th Cir. 1957).

In the present case, the Complaint filed by Robinson is substantially similar to the Answer and Counterclaim it filed in the Indiana litigation. [Record Nos. 1, 11] Both the Complaint filed in this Court and the earlier complaint filed in Indiana pertain to a computer transaction between the same two companies, and involve the same contract. As Kenray correctly notes, the relief

requested is generally the same, and the specific relief requested of $53,000 is the same. [Record No. 11]. Kenray filed their complaint in Floyd County Superior Court in Indiana on June 9th. Robinson did not file its complaint in this Court until June 29. [Record Nos. 1, 13]

This Court will apply the first-to-file rule to promote judicial efficiency, avoid duplicative litigation and follow general principles of federal comity. Litigation over this dispute was first filed in Indiana state court, and first removed to federal district court in Indiana. Since the Complaint filed by Robinson is substantially similar to their counterclaim in the Indiana litigation, and addresses all the same issues, there is no reason to transfer the case, as it would likely simply be consolidated. Because Defendant Kenray's motion to dismiss will be granted, this Court need to address the issue of whether the forum selection clause in the contract between the two parties would mandate a transfer to a district court in Indiana.

### III. CONCLUSION

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** as follows:

(1) Defendants' Motion to Dismiss [Record No. 11] is **GRANTED**. This matter is hereby **DISMISSED** without prejudice to the parties' proceeding in the related case pending in the Southern District of Indiana.

(2) All other pending motions are **DENIED** as moot.

(3) This is a **FINAL** and **APPEALABLE** Order and there is no just cause for delay. This 12th day of October, 2005.



Signed By:

**_Danny C. Reeves_**  DCR

**United States District Judge**